UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN P. NOWAK, Individually and on Behalf of All Others Similarly Situated<br><br>*Plaintiffs*,<br><br>VERSUS<br><br>GRAND DESIGN RV, LLC;<br>WINNEBAGO INDUSTRIES, INC.<br><br>*Defendants.* | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE<br><br>**JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT

Plaintiff John P. Nowak ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through undersigned counsel, files this Class Action Complaint against Defendants Grand Design RV, LLC ("Grand Design") and Winnebago Industries, Inc. ("Winnebago" and collectively with Grand Design, "Defendants"), and in support thereof states the following:

## NATURE OF THE ACTION

**1.** This is a class action lawsuit by Plaintiff, on behalf of himself and others similarly situated, who purchased and used Defendants' Solitude and Momentum fifth wheel Recreational Vehicles ("RVs" or "Defective RVs"), brought to remedy violations of applicable law in connection with Defendants' design, manufacture, promotion, and sale of certain RVs.

**2.** Defendants distribute, market and sell these RVs around the country. Many of these RVs have experienced frame failure, resulting in costly damage and safety hazards, and rendering the vehicles unroadworthy.

3954683v3

3. The RV is an expensive consumer product. Defendants purport that their RVs are extremely high quality with unmatched customer service. Defendants also advertise and market the Solitude and Momentum RVs as suitable for full-time use, for families to live in and work in while travelling long distance around the country.

4. In reality, the RVs suffer from frame failure through ordinary use (the "Frame Defect"), rendering them unroadworthy.

5. Defendants have actual knowledge of the Frame Defect in the RVs due to direct customer complaints, warranty repairs, and numerous internet complaints, yet Defendants have failed to remedy the Frame Defect.

6. The Frame Defect alleged is dangerous frame flex. This occurs when an RV's frame, designed to be flexible enough to absorb road shocks, bends beyond its intended limits, cracks the walls and other sections of the RV, and separates from the trailer's body. Untreated, the RV could end up deemed unroadworthy, totaled, and/or compromise the safety of passengers as well as others on the road.

7. Repairing such a serious defect takes a significant wait time. According to reporting from Hunterbook Media, the authorized dealers and Grand Design Service Center require them to wait months on end before allowing owners to bring the RV in for repairs, plus additional months to diagnose and fix the problems, if repair is even possible. Some frame failure is beyond the capacity of the dealerships to repair, which requires the RV to go to Winnebago's service center for Grand Design in Indiana.[1]

---

[1] Jenny Ahn, Michelle Cera, Nick Gibbons, "Grand Deception" – Winnebago Muzzles Outcry over Major Problem that Owners say Makes RVs Dangerous, Untowable, Worthless, Hunterbook Media, September 23, 2024, https://hntrbrk.com/winnebago (last accessed November 22, 2024).

8. While the RVs are being repaired, Class members also have to pay travel and lodging fees, which are significant for people who live in their RVs full time. Some owners cannot forego living in their RV, which they use as their home, for months on end while their RV at the dealership for repairs. These expenses are significant for the population who lives in their RV full-time RVs: 43% of full-time RVers are retired, and 72% have an income of under $65,000 a year.[2]

9. Meanwhile, the trade or re-sale value of the Defective RVs has diminished significantly to almost nothing, and owners are stuck with expensive, defective RVs that are unusable.

10. On October 9, 2024, the National Highway Traffic Safety Administration initiated an Investigation of the Defective RVs (the "NHTSA Investigation"), noting that it had received twenty-three complaints regarding excessive frame flex on the Defective RVs. Twenty-two of those complaints alleged that the excessive frame flex resulted in a cargo or entry door opening while in transit, some with objects lost on roadways, while six complaints state that the slideouts extended out due to the frame flex.[3]

11. The Class contends that unreasonable risk to motor vehicle safety exists because of the Defective RVs, and Defendants have failed to fix the Frame Defect. Rather than adjusting their manufacturing processes or re-designing and replacing the frame in its RVs to ensure they perform reliably and safely, and despite their knowledge of the defect and common frame flex issues, Defendants continue selling and leasing the Defective RVs with the Frame Defect.

12. Defendants also never disclosed to Plaintiff or members of the Class that the defect exists, despite their knowledge of this defect.

---

[2] *Id.*
[3] NHTSA, Frame Flex on Grand Design Fifth Wheel Recreational Trailers, October 9, 2024, nhtsa.gov/recalls?nhtsaId=PE24029 (last accessed November 22, 2024).

3954683v3

13. Plaintiff and the Class suffered economic damages as a result of Defendants' misconduct (as set forth in more detail below) and they seek, among other things, injunctive relief and restitution for the full purchase price of the RVs(s) they purchased. Plaintiff alleges the following based on personal knowledge, as well as investigation by counsel, and as to all other matters upon information and belief. Plaintiff further believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## JURISDICTION AND VENUE

14. This Court has diversity jurisdiction pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453, because the putative class consists of at least 100 Class Members; the citizenship of at least one Class Member is different from that of Defendants; and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants conduct substantial business in the State of Indiana and within this judicial district, Defendants have intentionally availed itself of the laws and markets of this district, and Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

16. **Named Plaintiff and Class Representative** John P. Nowak ("Plaintiff") is domiciled in Louisville, Kentucky. Plaintiff purchased and used a 2020 model-year Solitude fifth wheel RV from Grand Design in 2020. Since purchasing the RV, Plaintiff has experienced numerous problems with his RV, specifically including frame failure. As a result, Plaintiff suffered injury in fact when, absent Defendants' misconduct alleged herein, Plaintiff spent money to purchase a product he would not otherwise have purchased.

17. **Defendant**, Grand Design RV, LLC, is an Indiana corporation and a citizen of the state of Indiana with its principal place of business located in Middlebury, Indiana. Grand Design sells RV products, including fifth wheels and travel trailers, throughout the United States, including in the States of Indiana and Kentucky. Grand Design's RVs, including the RVs purchased by Plaintiff and the Class, are available at dealerships throughout the United States, including in the States of Indiana and Kentucky. Thus, Grand Design avails itself to this Court by way of the facts that it is at home in Indiana and that it does business in Indiana. Grand Design is a wholly-owned subsidiary of Winnebago.

18. **Defendant**, Winnebago Industries, Inc., hereinafter "Winnebago" is an Iowa corporation with its principal lace of business located in Minnesota. Winnebago manufactures and sells RV products, including fifth wheels and travel trailers throughout the United States. Winnebago manufactures its fifth wheel RV units in the State of Indiana. Thus, Winnebago avails itself to this Court. Winnebago purchased Grand Design in 2016.

## FACTUAL ALLEGATIONS

I. **Defendants' Recreational Vehicles and Their Assurance of Their Commitment to Safety.**

19. Throughout the Class period, Defendants manufactured, marketed, operated and sold travel trailers to consumers located in all 50 U.S. states and Canada. Their RVs are distributed nationwide through numerous dealers. Grand Design operates its website with a URL of www.granddesignrv.com, and Winnebago operates its website with a URL of https://www.winnebago.com/.

20. Although RVs are routinely sold across the United States, consumers often struggle with selecting a brand or model that is suited for their family and consider numerous issues

including safety, maintenance, quality, dealer warranty services, and customer service. Consumers rely on manufacturers to avoid injury and protect against defects.

21. Grand Design launched its business in 2012. It sought to distinguish itself from the crowd by stating that "you'll find that your experience with GDRV is different" and "quality [is] at the foundation of everything we do."[4] Grand Design claims to "perform rigorous inspections" and "pay more attention to detail" than its competitors.[5] Thus, buyers feel assured that the Grand Design RVs are worth the high purchase price.

22. Winnebago also advertises its RVs' quality as including "superior craftsmanship, advanced manufacturing technologies, and steel-focused construction to enhance safety and reliability."[6] Thus, buyers feel assured that the Winnebago RVs are worth the high purchase price.

## II. The Frame Defect and Defendants' Knowledge of the Frame Defect

23. The Frame Defect occurs when the metal frame beneath the Defective RV fifth wheel flexes to the point that structural damage occurs, costing tens of thousands of dollars to address and compromising the safety of passengers and other drivers.

24. The Frame Defect can manifest soon after purchase. Early symptoms that the frame is failing include loose bolts and creaky floors and can escalate into broken steel frames, a compromised hitch, and detachment of the trailer living space from the frame. The interior of the Defective RVs can also be damaged, including cracked walls and cabinets and dislodged appliances.

---

[4] Grand Design RV, "Our Story," available at https://www.granddesignrv.com/our-story (last visited November 21, 2024).
[5] *Id.*
[6] Winnebago, Quality, https://www.winnebago.com/ (last visited November 21, 2024)

25.     In addition to the inconvenience and expense of moving their belongings out of the RV to allow for repairs that take weeks, if not months, many owners have had to relocate into hotels or other lodging, which Defendants did not reimburse.

26.     This defect is also dangerous. The NHTSA Investigation, which covers over 55,000 Momentum and Solitude fifth wheel RVs, states that the NHTSA

> has been in contact with both Grand Design and Lippert, the frame manufacturer. Grand Design believes that some frame flex, generally considered to be vertical movement in the upper deck area of the fifth wheel, is normal. However, Grand Design has developed a technical service bulletin (TSB), to evaluate concerns of excessive frame flex, defined as vertical movement greater than 3/8 inch. . .
>
> Cargo and entry doors that open and slideouts that extend while in transit increase the risk of injury or a crash. ODI is opening this Preliminary Evaluation (PE) to evaluate the severity of the potential problem and to determine whether an unreasonable risk to motor vehicle safety exists.[7]

27.     Winnebago acknowledged the complaints and repair requests related to the Frame Defect in earnings calls, rallies, and public statements.

28.     Winnebago also issued a March 2024 technical service bulletin regarding the Frame Defect to its service technicians and dealers. Winnebago did not notify customers and Class Members of same.

### III.    The Representative Transaction and Manifestation of the Frame Defect

29.     Plaintiff is the original retail consumer purchaser of his RV.

30.     Plaintiff purchased his 2020 Grand Design 3740BH-R Solitude RV (unit number 573FS4228L9905119) on June 12, 2020 from Summit R.V. in Ashland, Kentucky for a total of $57,226.28.

---

[7] NHTSA, Frame Flex on Grand Design Fifth Wheel Recreational Trailers, October 9, 2024, nhtsa.gov/recalls?nhtsaId=PE24029 (last accessed November 22, 2024).

3954683v3

31.     Both Grand Design and Winnebago's websites direct customers to purchase their RVs at Summit RV.[8]

32.     Plaintiff became aware of the Frame Defect in his RV in September 2024 when investigating issues with the shelving and cabinetry in his RV.

33.     In hindsight, however, Plaintiff believes other issues he experienced previously (including issues with the axels on the RV) are also related to the Frame Defect. Plaintiff notes, however, that Defendants did not previously disclose to Plaintiff that there were any issues whatsoever with the frame on his RV.

34.     Plaintiff reached out to Grand Design regarding his frame flex concerns on September 30, 2024, and the Grand Design representative advised him to take the RV to Tom Stinnet Campers in Clarksville, Indiana.

35.     Plaintiff dropped off the RV for repair on October 28, 2024.

36.     On November 5, 2024, the Tom Stinnet Campers service representative confirmed the frame failure to Plaintiff. The representative diagnosed the frame failure by the distance of the pin box to the ground on the driver's and passenger's sides. They also discovered cracks in the welds on the frame including several missing bolts on the bottom of the frame and on the interior side of the frame on both the driver's and passenger's sides.

37.     The Tom Stinnet representative added multiple bolts to attach the frame to the body of the camper to get the tolerance of the frame flex within safe levels. However, the bolts were too long, causing a puncture to the fiberglass exterior.

38.     The frame flex defects exist to this day.

---

[8] Grand Design RV, "Find a GDRV Dealer," granddesignrv.com/shopping-tools/find-a-dealer.html (last visited November 21, 2024). Winnebago, "Locate Dealer," https://www.winnebago.com/shopping-tools/locate-a-dealer (last visited November 21, 2024).

3954683v3

39. Had Plaintiff known the truth about Defendants' defective RV design, failure to inspect the frame, and failure to cure the Frame Defect, he would not have purchased the RV from Defendants

## TOLLING, CONCEALMENT, AND ESTOPPEL

40. The applicable statutes of limitation have been tolled as a result of Defendants' knowing and active concealment and denial of the facts alleged herein.

41. Plaintiff and Class Members could not with due diligence have discovered the full scope of Defendants' conduct, because there were no disclosures or other indication that they were purchasing RVs with unsafe, defective frames.

42. All applicable statutes of limitation have also been tolled by operation of the discovery rule and the doctrine of continuing tort. Defendants' marketing and selling of defective RVs has continued unabated through the present, despite their knowledge of the dangerous Frame Defects. Defendants are therefore estopped from relying on any statute of limitations defenses.

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and all others similarly situated. The proposed class (the "National Class" and "Kentucky Subclass" are collectively referred to as the "Class") is defined as follows:

**Nationwide Class**

All persons who purchased Defendants' Solitude and Momentum RVs in Model Years 2017 to 2024 in the United States.

Excluded from the Class are Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-

conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

44. Plaintiff also asserts a Subclass on behalf of himself and all other similarly situated Kentucky consumers and seeks certification of the following Sub-Class:

**Kentucky Sub-Class**

All persons who purchased Defendants' Solitude and Momentum RVs in Model Years 2017 to 2024 in the State of Kentucky.

Excluded from the Class are Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

45. **Numerosity and Ascertainability.** Members of the Class are so numerous that joinder is impracticable. Plaintiff does not know the exact size of the Class but believes that there are at least thousands of class members who have been damaged by Defendants' conduct as alleged herein. As such, a class action is superior to other methods of adjudication due to its capacity for efficiency and its preservation of judicial economy, more specifically. The exact size of the proposed Class, and the identity of the members thereof, will be readily ascertainable from the business records of Grand Design, Winnebago, and their authorized dealers. Members of the Class are readily identifiable from information and records in Defendants' possession, custody, or control.

46. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class were damaged by the same wrongful conduct of Defendants. Plaintiff will fairly and adequately protect and represent the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the Class. Accordingly, by proving their own claims, Plaintiff will prove other class members' claims as well.

3954683v3

47. **Adequacy of Representation.** Plaintiff and their counsel will fairly and adequately protect and represent the interests of each member of the Class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to those here and have the resources and abilities to fully litigate and protect the interests of the Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class and Subclass. Plaintiff has no adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

48. **Commonality and Superiority.** Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiff and all Class members involve the same alleged defect. These common legal and factual questions include the following:

   a. whether the Defective RVs contain a defect;

   b. whether the Defective RVs are fit for their intended purpose;

   c. whether Plaintiff and the members of the Class and Subclass are entitled to actual, statutory, and punitive damages; and

   d. whether Plaintiff and members of the Class and Subclass are entitled to declaratory and injunctive relief.

49. A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by the Plaintiff and individual Class members is relatively small compared to the burden and expense

3954683v3

that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

**50.** The Class also may be certified because Defendants have acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**51.** Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described above, such as continuing to market and sell the Defective RVs that have Frame Defects, and requiring Defendants to provide a full refund of the purchase price of the Products to Plaintiff and Class members.

**52.** Unless a class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and the Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

**53.** Plaintiff reserves the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

# FIRST CAUSE OF ACTION

## Violations of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 et seq.
### Against Defendants on Behalf of Plaintiff, Individually

54. Plaintiff incorporates all of the above allegations of fact, as if they were asserted within this Cause of Action.

55. Specifically, Plaintiff reiterates that Defendants engaged in numerous specific representations regarding the safety of the Grand Design RVs, as detailed above, as well as omissions of disclosure about sufficiency of the RV's frame.

56. Defendants have a statutory duty pursuant to the Kentucky Consumer Protection Act, KRS 367.110 et seq. not to engage in unfair, false, misleading, and deceptive acts in the conduct of any trade or commerce.

57. Defendants have engaged in unfair, false, misleading or deceptive acts and practices in the conduct of its trade and commerce, inter alia, by manufacturing and marketing the defective RVs despite knowledge of their Frame Defect. Such conduct was likely to mislead consumers acting under the circumstances, and Defendants' conduct was immoral, unethical, violative of public policy and likely to cause substantial consumer injury.

58. Plaintiff has suffered an ascertainable loss of money due to the knowing and intentional representations of safety and omission of disclosure of the actual or potential Frame Defect of his RV, a vehicle which he would not have purchased had those representations and omissions not occurred.

59. Pursuant to KCPA, Plaintiff is entitled to recover his actual damages, plus punitive damages, reasonable attorneys' fees, and costs.

60. The KCPA also authorizes the award of equitable relief, including disgorgement; therefore, Plaintiff seeks disgorgement of the profits.

3954683v3

## SECOND CAUSE OF ACTION

**BREACH OF IMPLIED WARRANTY**
**Against Defendants on behalf of Plaintiff, Individually, and on Behalf of the Class or, Alternatively, the Subclass**

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants for breach of implied warranty of merchantability.

63. The Defendants impliedly warranted that the Class' RVs, which Defendants designed, manufactured, and sold, were merchantable and fit and safe for ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

64. Because of the Frame Defects, which Defendants willfully withheld information about, the Class's RVs are unsafe and unfit for use, causing economic loss to the Class. Therefore, Defendants breached the implied warranty of merchantability.

65. The damages the Class has suffered are a direct and proximate result of Defendants' actions in this matter and include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants as to each count, including:

A. An order certifying this action as a class action, certifying the Class and Subclass requested herein, designating Plaintiff as the representative of the Class and Subclass, appointing

3954683v3

Plaintiff's counsel as counsel to the Class and Subclass, and requiring Defendants to bear the costs of a class action;

  B. An order declaring that Defendants' actions constitute: (1) violations of the Kentucky Consumer Protection Act and (2) a breach of the implied warranty of merchantability; and that Defendants are liable to Plaintiff, members of the Class, and members of the Subclass, as described herein, for the relief arising therefrom;

  C. An order enjoining Defendants from selling the Defective RVs as the Court may deem proper.

  D. An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

  E. A judgment awarding Plaintiff and members of the Class and Subclass all appropriate economic, monetary, actual, statutory, consequential damages, in an amount to be determined at trial;

  F. A judgment awarding Plaintiff and members of the Class and Subclass restitution and/or disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and members of the Class and Subclass as the result of their unlawful and unfair business practices described herein;

  G. A judgment awarding Plaintiff and members of the Class and Subclass prejudgment and post-judgment interest, as permitted by law;

  H. A judgment awarding Plaintiff and members of the Class and Subclass punitive damages, as allowed by law;

I. A judgment awarding Plaintiff and members of the Class and Subclass costs and fees, including attorneys' fees, as permitted by law; and

J. For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**66.** Plaintiff hereby demands a trial by jury for all claims so triable.

GREENE & SCHULTZ

*/s/Fred Schultz*
Fred Schultz, #19554-53
Greene & Schultz Trial Lawyers
520 N Walnut Street
Bloomington, IN 47404
Telephone: (812) 336-4357
Facsimile: (812) 336-5615
E-Mail: fred@greeneschultz.com

AND

STEPHEN J. HERMAN (*PRO HAC VICE* PENDING)
LANCE C. MCCARDLE (*PRO HAC VICE* PENDING)
JASON W. BURGE (*PRO HAC VICE* PENDING)
MAGGIE M. DALY (*PRO HAC VICE* PENDING)
**FISHMAN HAYGOOD, L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Fax: (504) 586-5250
sherman@fishmanhaygood.com
lmccardle@fishmanhaygood.com
jburge@fishmanhaygood.com
mdaly@fishmanhaygood.com

***Attorneys for Plaintiff and Putative Class and Subclass***

3954683v3