**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN P. NOWAK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRAND DESIGN RV, LLC, and WINNEBAGO INDUSTRIES, INC.,<br><br>Defendants. | Civil Action No: 3:24-cv-00950<br><br>Judge Philip P. Simon |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

**I.   Introduction**

Purporting to represent a nationwide class of RV purchasers, Plaintiff John Nowak has asserted claims against Defendants Grand Design RV, LLC and Winnebago Industries, Inc. for breach of the implied warranty of merchantability. Plaintiff also asserts, individually, a claim for breach of the Kentucky Consumer Protection Act. Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). Plaintiff has not alleged facts that subject Winnebago to personal jurisdiction in Indiana for either claim, so the Complaint must be dismissed as to Winnebago. Moreover, Plaintiff's claims fail on the merits as to both Defendants because they are time-barred, and for lack of contractual privity with either Defendant as required under the operative Kentucky law for both claims. For these reasons, and the additional reasons explained below, Plaintiff has not stated a claim upon which relief can be granted and the Complaint should be dismissed with prejudice.

**II.    Facts Alleged & Procedural Posture**

    **A.  Plaintiff and the Subject RV**

Plaintiff John Nowak alleges that in June 2020, he purchased a Solitude fifth-wheel recreational vehicle (the "Subject RV") manufactured by Defendant Grand Design RV, LLC ("Grand Design") and sold through a dealer of Grand Design called Summit RV in Ashland, Kentucky. (Compl., ECF No. 1, ¶¶ 16, 30.) Defendant Winnebago Industries, Inc. is the corporate parent of Grand Design and also manufactures various types of recreational vehicles. (*Id.*, ¶ 18.) Plaintiff does not allege that Winnebago had any involvement in the design, manufacture, sale, or distribution of the Subject RV.

Plaintiff alleges that he has experienced "numerous problems" with the Subject RV, including a failure of the frame, which he describes as a "Frame Defect." (*Id.*, ¶ 16.) According to Plaintiff, the alleged "Frame Defect" allows an RV's frame to "bend[] beyond its intended limits," which can cause "cracks [in] the walls and other sections of the RV" and can separate the structure of the RV from the body of the trailer. (*Id.*, ¶ 6.) Plaintiff claims he became aware of the supposed Frame Defect in September 2024, when investigating issues with the shelving and cabinetry in his RV. (*Id.*, ¶ 32.) Plaintiff first reached out to Grand Design regarding his concerns on September 30, 2024, and took the Subject RV in for repairs the next month. (*Id.*, ¶¶ 35−36.) Plaintiff also claims that other, unspecified issues that he experienced before September 2024 arose from the alleged Frame Defect. (*Id.* ¶ 33.) Plaintiff claims that the Subject RV underwent repairs "to get the tolerance of the frame flex within safe levels," but that the repair by a third-party was improper, resulting in "a puncture to the fiberglass exterior" of the Subject RV. (*Id.*, ¶¶ 36−37.)

### B. Alleged defect in Solitude and Momentum RVs

Plaintiff contends that the Subject RV, as well as all other Solitude model RVs and all Momentum model fifth-wheel RVs manufactured by Grand Design between 2017 and 2024, suffer from the alleged Frame Defect. (Compl., ECF No. 1, ¶¶ 6, 43.) Plaintiff claims that he and the putative class members have been harmed by the alleged Frame Defect because they have been deprived of the use of their RVs during repairs, and that the existence of the alleged Frame Defect has diminished the resale value for Solitude and Momentum RVs. (*Id.*, ¶¶ 7−9.) Plaintiff also alleges that the National Highway Traffic Safety Administration has initiated an investigation into Solitude and Momentum RVs for allegedly excessive frame flex. (*Id.*, ¶¶ 10, 26.)

### C. Alleged representations and Defendants' supposed failure to disclose

Plaintiff alleges that Grand Design made several representations as to the quality of its RVs that induced customers to buy them, including that: (1) Grand Design is "different" than other RV manufacturers; (2) "quality is the foundation of everything" that Grand Design does; (3) Grand Design performs rigorous inspections and pays more attention to detail than its competitors. (*Id.*, ¶ 21.) He also alleges that Winnebago advertises its own RVs—which are not Momentum or Solitude models—as having "superior craftsmanship, advanced manufacturing technologies, and steel-focused construction to enhance safety and reliability." (*Id.*, ¶ 22.) Plaintiff further claims that Defendants allegedly did not disclose the alleged Frame Defect to their customers, despite knowledge of it, although he admits that Winnebago "acknowledged the complaints . . . related to the Frame Defect in earnings calls, rallies, and public statements," and issued a technical bulletin addressing the alleged Frame Defect. (*Id.*, ¶ 12, 27−28.)

### D. The lawsuit

Plaintiff filed suit on November 22, 2024, purporting to represent a nationwide class of all purchasers of Solitude and Momentum RVs from model years 2017 to 2024, as well as a Kentucky sub-class. (Compl., ECF No. 1, ¶¶ 43−33.) Plaintiff asserts one claim for violation of the Kentucky Consumer Protection Act (KCPA) in his individual capacity, (*Id.*, ¶¶ 54−60), and one claim for breach of implied warranty on behalf of himself and the putative nationwide class or, alternatively, a Kentucky subclass. (*Id.*, ¶¶ 61−65.) Defendants now move to dismiss Plaintiff's Complaint.

## III. Legal Framework

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Similarly, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

IV.    **Argument**

Plaintiff's Complaint is deficient in numerous respects and must be dismissed. To start, Plaintiff has not pleaded any facts that would give rise to personal jurisdiction over Winnebago in this matter. Winnebago is merely the parent company of Grand Design. It is not subject to general or specific personal jurisdiction in Indiana and has no Indiana contacts related to the Subject RV. Separately, Plaintiff's KCPA claim fails for several reasons, including the statute of limitations, Plaintiff's lack of privity with either Defendant, and his failure to state the claim with particularity under Rule 9(b). Plaintiff's implied warranty claim is doomed for the same reasons as his KCPA claim: It is barred by the statute of limitations and his inability to establish privity with the Defendants. Since Plaintiff cannot pursue his individual implied warranty claim, he cannot assert this claim on behalf of a nationwide class, or a Kentucky sub-class, and the class claim must be dismissed for want of a class representative. Even if this were not so, Plaintiff cannot assert an implied warranty claim on behalf of a class because he has not specified any state's law that would apply to a nationwide, common-law claim. For all of these reasons, Defendants' motion to dismiss the Complaint should be granted in full, and Plaintiff's Complaint dismissed with prejudice.

   A.  **Plaintiff has not established personal jurisdiction over Winnebago**

A federal district court in Indiana may exercise jurisdiction over an out-of-state defendant, like Winnebago, if doing so is consistent with the state's long-arm statute and due process.[1] A defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros*

---

[1] Indiana's long-arm statute provides, in part, that an Indiana court "may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Ind. R. Trial P. 4.4(A). Trial Rule 4.4(A) "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006).

5

*Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotations and citation omitted).

General jurisdiction is not at issue here. It exists "only when a defendant is 'essentially at home' in the State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Typically, a corporation is at home only in its place of incorporation and its principal place of business. *See Daimler Ag. v. Bauman*, 571 U.S. 117, 139 (2014). The Complaint alleges that Winnebago "is an Iowa corporation with its principal [p]lace of business located in Minnesota." (Compl., ECF No. 1, ¶ 18.) Plaintiff's allegations confirm that Winnebago is not subject to general jurisdiction in Indiana.

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 352 (2021). It is well-settled law that "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally an activity or an occurrence that takes place in the forum state." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017) (quoting *Goodyear Dunlop*, 564 U.S. at 919) (cleaned up). Because of this, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*. at 262 (quotation marks omitted). Thus, "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." *Id*. at 264 (citing *Goodyear*, 546 U.S. at 931 n.6).

In short, the defendant must have taken "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State," and "the plaintiff's claims must arise out of or relate to the defendant's contacts" with the forum. *Ford Motor Co.*, 592 U.S. at 359

6

(quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) and *Bristol-Myers*, 582 U.S. at 264) (quotation marks and alterations omitted)). This is a two-part test. Plaintiff "must demonstrate that his claims arise out of [Winnebago's] contacts with [Indiana] and that those contacts are constitutionally sufficient." *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

The Complaint does not allege any suit-related conduct that would allow the Court to conclude that Winnebago purposefully availed itself of the privilege of conducting activities in Indiana. At most, Plaintiff vaguely contends that Winnebago manufactures some unidentified types of RVs in Indiana. (Compl., ECF No. 1 at ¶ 18.) That is not enough. There is no nexus between Winnebago's manufacture and sale of ***other RVs*** and the alleged Frame Defect in the Subject RV, or the other Solitude and Momentum RVs. (*Id.*, ¶ 17 (describing Grand Design's RVs to "include[e] the RVs purchased by Plaintiff and the Class").) Plaintiff does not otherwise attempt to establish any connection between Winnebago and Indiana that could give rise to personal jurisdiction in this case.

Significantly, "each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). While Winnebago is the ultimate corporate parent of Grand Design, this is not a basis for establishing personal jurisdiction. *See, e.g.*, *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 778 n.17 (7th Cir. 2003) (recognizing and applying "general rule" that "the jurisdictional contacts of a subsidiary corporation are not imputed to the parent"). Because Winnebago is not subject to specific personal jurisdiction in Indiana in this case, Plaintiff's Complaint must be dismissed as to Winnebago.

### B. The Complaint fails to state a plausible claim under the KCPA.

In his individual capacity, Plaintiff asserts a claim against Grand Design and Winnebago for violation of the Kentucky Consumer Protection Act. This claim is time-barred by the statute of

limitations and fails for lack of vertical privity. Even setting aside these incurable obstacles, Plaintiff has failed to plead his KCPA claim with particularity under Rule 9(b). Accordingly, this claim must be dismissed with prejudice.

### 1. The two-year statute of limitations bars Plaintiff's KCPA claim.

The KCPA provides a cause of action to "[a]ny person who purchases or leases goods . . . and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170." KRS 367.220(1). KRS 367.170, in turn, prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." A plaintiff must bring a KCPA claim "within one (1) year after any action of the Attorney General has been terminated or within two (2) years after the violation of KRS 367.170, whichever is later." KRS 367.220(5).[2]

The limitations period begins to run when the KCPA violation occurs, not when the plaintiff discovers the violation. *Estate of Laird v. Mills Health & Rehab Ctr., Inc.*, 2017-CA-000288-MR, 2019 WL 2406380, at *3 (Ky. Ct. App. June 7, 2019) (KCPA claim was time-barred where it was filed more than two years after the violation); *Cook v. State Farm Mut. Auto. Ins. Co.*, No. 2002-CA-000801-MR, 2004 WL 2011375, at *3−4 (Ky. Ct. App. Sept. 10, 2004) (KCPA claim premised on an insurance company's authorization of car repairs was time-barred because the repairs took place more than two years before the claim was filed).

Here, Plaintiff's KCPA claim is based on the allegation that he "suffered an ascertainable loss of money due to the knowing and intentional representations of safety and omission of

---

[2] A federal court sitting in diversity applies the choice-of-law rules of its forum state. *Paulsen v. Abbott Labs.*, 39 F.4th 473, 477 (7th Cir. 2022). In Indiana, "when the statute underlying the cause of action both created a right where none existed at common law and placed a time limitation on the assertion of that right. . . . a court should apply the law of the state in which the claim arose." *Merchain v. Thor Motor Coach Inc.*, 577 F. Supp. 3d 886, 891 (N.D. Ind. 2021).

disclosure of the actual or potential Frame Defect of his RV, a vehicle which he would not have purchased had those representations and omissions not occurred." (Compl., ECF No. 1, ¶ 58.) At the latest, the purported KCPA violations giving rise to Plaintiff's claim occurred by June 12, 2020, the date he purchased the RV. (*Id.*, ¶ 30.) Because Plaintiff did not file his Complaint until November 22, 2024—more than four years later—it is apparent from the face of the Complaint that his claims are outside the two-year limitations period.

In a tacit admission that his claims are untimely, Plaintiff attempts to invoke the discovery rule and the doctrines of continuing tort and fraudulent concealment/equitable estoppel to toll the appliable statutory limitations. (*Id.*, ¶¶ 40−42.) But the discovery rule does not apply to KCPA claims. *Bennett v. Ford Motor Co.*, 5:07CV-115-R, 2008 WL 920745, at *3 (W.D. Ky. Apr. 3, 2008) ("[T]he discovery rule does not apply to the KCPA because it is a legislatively enacted cause of action."). Kentucky also does not appear to recognize a continuing tort doctrine except in certain specific circumstances not relevant here. *See Dodd v. Dyke Indus., Inc.*, 518 F. Supp. 2d 970, 976 (W.D. Ky. 2007) ("[B]y this Court's reckoning Kentucky courts have only applied the continuing tort idea in the context of a trespass to land.") However, even assuming that Kentucky would apply the doctrine to a KCPA claim, "where the 'discovery rule' is inapplicable, an action for an injury which occurred outside the limitations period is time-barred." *G&K Dairy v. Princeton Elec. Plant Bd.*, 781 F. Supp. 485, 488 (W.D. Ky. 1991). Thus, neither the discovery rule nor the continuing tort doctrine can revive Plaintiff's claim.

Plaintiff's reliance on fraudulent concealment/equitable estoppel is similarly unavailing. To start, it is dubious whether this doctrine even applies to KCPA claims.[3]

---

[3] In Kentucky, the doctrine of fraudulent concealment is typically referred to as "equitable estoppel." *See, e.g.*, *Powers v. Kentucky Farm Bureau Mut. Ins. Co.*, 694 S.W.3d 361, 371 (Ky. 2024) ("Equitable estoppel may arise to prevent a party from relying on a statute of limitations by

9

*See Hathaway v. Cont'l Assurance Co.*, No. 1:03-CV-6-R, 2006 WL 83436, at *3 (W.D. Ky. Jan. 10, 2006) (finding no reason to believe the Kentucky legislature intended common-law tolling doctrines like fraudulent concealment to apply to KCPA claims). Even if it did, the allegations in Plaintiff's Complaint preclude its application here. Under Kentucky's well-established standard:

> The essential elements of equitable estoppel are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 62 (Ky. 2010) (quoting *Sebastian-Voor Props., LLC v. Lexington-Fayette Urban Cty. Gov't*, 265 S.W.3d 190, 194 (Ky. 2008)). To meet this standard, a plaintiff must show that the defendant engaged in "affirmative conduct to misrepresent or conceal facts." *Id.* at 63. Mere nondisclosure is not enough, unless the defendant was under a legal duty to disclose. *Munday v. Mayfair Diag. Lab.*, 831 S.W.2d 912, 914 (Ky. 1992).

Plaintiff has not alleged facts suggesting that Winnebago or Grand Design knowingly concealed or misrepresented any material information. The only specific representations identified by Plaintiff are that: (1) Grand Design has represented to customers that it is "different" than other RV manufacturers; (2) "quality is the foundation of everything" that Grand Design does; (3) Grand Design performs rigorous inspections and pays more attention to detail than its competitors; and

---

virtue of a false representation or fraudulent concealment." (quotation marks omitted)); *see also Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425 (6th Cir. 2009) (noting that the doctrine of equitable estoppel is sometimes referred to as fraudulent concealment).

(4) Winnebago advertises its RVs—which are not the Momentum or Solitude models at issue in this case—as having "superior craftsmanship, advanced manufacturing technologies, and steel-focused construction to enhance safety and reliability." (Compl., ECF No. 1 at ¶ 21−22.) These generic statements on Defendants' websites do not rise to the level of misrepresentation or concealment of any facts that give rise to Plaintiff's claims. Further, although Plaintiff alleges that the Defendants sold RVs without disclosing the alleged Frame Defect, he does not allege that Defendants had knowledge of any alleged Frame Defect before the sale of the Subject RV, or that they had a legal duty to disclose, if they did have such knowledge. (Compl., ECF No. 1, ¶¶ 12, 33, 41−42.) Thus, even if equitable estoppel could apply to KCPA claims, it would not save Plaintiff's claim in this case. Plaintiff's KCPA claim is time barred and should be dismissed.

### 2. Plaintiff's KCPA claim fails for lack of vertical privity

The statute of limitations is not the only barrier to Plaintiff's KCPA claim. There is no question that "[a]n action under the KCPA requires privity of contract between the parties." *PNC Bank, N.A. v. Merenbloom*, Nos. 15-6361, 16-5277, 2017 WL 3973962, at *3 (6th Cir. June 16, 2017); *accord Davis v. Norton Healthcare, Inc.*, No. 2020-CA-0151-MR, 2021 WL 223528, at *4 (Ky. Ct. App. Jan. 22, 2021) ("We are not at liberty to add to, subtract from, or otherwise alter the KCPA to forgo the privity requirement."); *Ky. Laborers Dist. Council Health & Welfare Tr. Fund v. Hill & Knowlton, Inc.,* 24 F. Supp. 2d 755, 772-73 (W.D. Ky. 1998) (recognizing that "privity of contract [must] exist between the parties in a suit alleging a violation of the [KCPA]") (quoting *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. Ct. App. 1992))); *McIntosh v. E-Backgroundchecks.com, Inc.*, No. CIV.A. 5:12-310-DCR, 2013 WL 1187038, at *5 (E.D. Ky. Mar. 20, 2013) ("The plain language of the statute requires that privity of contract exist between the parties in a suit alleging a violation of the KCPA."); *see* KRS 367.220 (providing a

11

cause of action to "[a]ny person who purchases or leases goods or services primarily for personal family or household purposes and thereby suffers any ascertainable loss of money or property as a result of" a violation of 367.170).

Plaintiff has not alleged privity of contract in this matter. Rather, he has pleaded himself out of a KCPA claim by alleging that he purchased the Subject RV from a third-party dealer, Summit RV. (Compl., ECF No. 1, ¶ 30.) The insertion of an intermediary between Plaintiff and Defendants destroys any possibility of contractual privity and dooms Plaintiff's KCPA claim as a matter of law. *See Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 854 (W.D. Ky. 2007) ("The language of the [KCPA] plainly contemplates an action by a purchaser against his immediate seller."); *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 962 (E.D. Ky. 2019) ("Numerous Kentucky Courts of Appeals [decisions] have . . . interpreted the text of the KCPA to mean that an individual must be a purchaser with privity of contract in order to have standing to bring an action under the KCPA." (cleaned up) (collecting cases)); *Jones ex rel. Jones v. IC Bus, LLC*, 626 S.W.3d 661, 685 (Ky. Ct. App. 2020) ("[T]here is no privity of contract between the parties to support a KCPA . . . claim."). Because Plaintiff has not pleaded—and cannot plead—vertical privity with Grand Design or Winnebago, his KCPA claim fails.

### 3. Plaintiff failed to plead his KCPA claim with particularity

Plaintiff's claim is time barred and fails as a matter of law for lack of privity. But even if that were not the case, he has failed to plead a plausible KCPA claim because he only alleges in conclusory fashion that Defendants "engaged in numerous specific representations regarding the safety" of the RVs at issue and somehow, as a result, they "have engaged in unfair, false, misleading or deceptive acts and practices in conduct of its trade" because of the alleged Frame Defect. (Compl., ECF No. 1 at ¶¶ 56−57.)

Under the KCPA, "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Ky. Rev. Stat. § 367.170(1). Because such a claim requires establishing fraud or mistake, "the Rule 9(b) heightened pleading standard applies to KCPA claims." *Kempf v. Lumber Liquidators, Inc.*, No. 3:16-CV-492-DJH, 2017 WL 4288903, at *5 (W.D. Ky. Sept. 27, 2017); *see also Johnson v. Int'l Lab'ys, LLC*, No. 7:19-CV-0004-GFVT, 2019 WL 1877289, at *3 (E.D. Ky. Apr. 26, 2019) (dismissing KCPA claim for failure to plead with particularity). In order "[t]o satisfy this heightened standard, the plaintiff must (1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud." *Kempf*, 2017 WL 4288903, at *3 (internal citation omitted). The use of "[g]eneralized and conclusory allegations that the [defendant's] conduct was fraudulent do[es] not satisfy Rule 9(b)." *Id.* (internal citation omitted). Such is the case here.

Indeed, a fair reading of the Complaint does not establish the time, place, and content of any alleged misrepresentation, nor any supposed fraudulent scheme by Defendants. As described above, the only specific representations that Plaintiff has identified are generic statements on Defendants' websites about their superior craftsmanship and focus on quality. Plaintiff has not identified how these generic statements misrepresented any facts that somehow give rise to his claims. Nor does he explain how Grand Design or Winnebago's alleged conduct was part of a fraudulent scheme to sell purportedly defective recreational vehicles.

Based on the foregoing, Plaintiff's KCPA claim must be dismissed because it is time-barred, does not allege contractual privity with either Defendant, and fails to plead fraud or mistake with particularity as required by Rule 9(b).

13

### C. Plaintiff's implied warranty claim is time-barred and suffers from lack of privity.

Plaintiff's implied warranty claim, brought on behalf of himself and a nationwide class, or an alternative Kentucky sub-class, must also be dismissed. Plaintiff's implied warranty claim fails on the merits for the same reasons as his KCPA claim: It is time-barred and lacks privity. Separately, Plaintiff has not identified which state's law would apply to his nationwide claim. While class certification issues are largely for another day, Plaintiff cannot plead "generalized 'nationwide' claims untethered to the law of any state" and state a plausible claim. *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 706 F. Supp. 3d 746, 762 (E.D. Mich. 2023). For all of these reasons, Plaintiff's claim for breach of implied warranty must be dismissed.

### 1. Plaintiff's implied warranty claim is time-barred.

Indiana imposes a four-year statute of limitations for implied warranty claims, beginning when the cause of action has accrued. Ind. Code § 26-1-2-725(1).[4] A cause of action for breach of warranty "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Ind. Code § 26-1-2-725(2). And "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." *Id.* Plaintiff acquired the Subject RV on June 12, 2020. (Compl., ECF No. 1 at ¶ 30.) Because Plaintiff claims that the alleged Frame Defect is inherent to all Solitude and Momentum models, his cause of action for implied warranty

---

[4] With respect to common-law claims, "statutes of limitations are procedural in nature, and as such, Indiana choice-of-law rules state that the statute of limitations of the forum state, Indiana, will apply." *Shearer v. Thor Motor Coach, Inc.*, 470 F. Supp. 3d 874, 879 (N.D. Ind. 2020) (cleaned up) (quoting *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, 779 F. Supp. 2d 858, 889 (N.D. Ind. 2011)). Thus, while Kentucky substantive law applies to Plaintiff's implied warranty claim, Indiana's statute of limitations controls. *See id.*

accrued on June 12, 2020—yet this suit was not filed until November 22, 2024. Since the four-year limitations period had lapsed, Plaintiff's implied warranty claim is time-barred.[5]

Plaintiff's conclusory allegation of "knowing and active concealment" cannot save his claim. In Indiana, as in Kentucky, tolling the statute of limitations based on fraudulent concealment requires establishing that the defendant "actively concealed the cause of action" and the plaintiff fulfilled its "responsibility of exercising due diligence to discover the claims." *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1262 (Ind. 2014). "The affirmative acts of concealment must be calculated to mislead and hinder a plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation. There must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry." *Id.* (quoting *Johnson v. Blackwell,* 885 N.E.2d 25, 32 (Ind. Ct. App. 2008)). A mere failure to disclose is not enough unless "the parties are in a fiduciary relationship, such as trustee/beneficiary," that triggers a duty to disclose. *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559, 563 (Ind. 1992).

As explained above, Plaintiff has not alleged any facts establishing that Grand Design or Winnebago actively concealed the alleged Frame Defect by some trick or contrivance. Instead, Plaintiff alleges simply that Defendants failed to disclose this purported problem. (*See, e.g.*, Compl., ECF No. 1, ¶¶ 12, 33, 41–42.) His conclusory statement that this nondisclosure amounts to "knowing and active concealment" is not sufficient to establish that tolling applies. *See Logan v. Wilkins*, 644 F.3d 577, 582–83 (7th Cir. 2011) ("[I]f the facts pleaded in the complaint establish that a claim is time barred, as they do here, a bare allegation of fraudulent concealment, without

---

[5] Plaintiff does not allege that the warranty explicitly extended to future performance of the goods. Indeed, "most courts 'have held that implied warranties by definition cannot explicitly extend to future performance.'" *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 377 (Ind. 2019) (quoting *Stumler v. Ferry-Morse Seed Co.*, 644 F.2d 667, 671 (7th Cir. 1981)). Thus, even if Plaintiff had made such an allegation, it could not save his implied warranty claim.

15

more, will not save the claim."). Accordingly, Plaintiff's implied warranty claim is barred by the statute of limitations.

### 2. Plaintiff's implied warranty claim fails for lack of vertical privity.

A choice of law analysis is required to assess Plaintiff's implied warranty claim brought in his own capacity because Indiana and Kentucky law conflict when it comes to privity of contract. *Compare Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 959 (Ind. 2005) ("Indiana law does not require vertical privity between a consumer and a manufacturer as a condition to a claim by the consumer against the manufacturer for breach of the manufacturer's implied warranty of merchantability[.]"), *with Compex International Company v. Taylor*, 209 S.W.3d 462 (Ky. 2006) (affirming dismissal of implied warranty claim for lack of privity of contract).

For a federal district court exercising diversity jurisdiction in Indiana, Indiana's choice-of-law jurisprudence applies. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Indiana follows the "most intimate contacts" test to determine which state substantive law applies in actions sounding in contract. *Kentucky Nat'l Ins. Co. v. Empire Fire & Marine Ins. Co.*, 919 N.E.2d 565, 575 (Ind. Ct. App. 2010). When "applying the most intimate contacts test, courts must consider the following factors: '(1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties,' giving the greatest weight to the fourth of those factors." *Large v. Mobile Tool Int'l, Inc.*, 724 F.3d 766, 771 (7th Cir. 2013) (quoting *Kentucky Nat'l Ins.*, 919 N.E.2d at 575).

Consideration of those factors here requires the application of Kentucky law to Plaintiff's warranty claim. Kentucky was the place of contracting, the place of negotiation, the place of performance, and, as best Defendants' can tell, the location of the subject RV when not in use.

16

(Compl., ECF No. 1, ¶¶ 4, 30.) In addition, Plaintiff is a Kentucky resident. (*Id.*, ¶ 4.) Indiana's only connection to the lawsuit appears to be that it is where Plaintiff alleges certain warranty repairs were made, and where Grand Design is based. (*Id.*, ¶¶ 17, 34−35.) Accordingly, the factors weigh in favor of applying Kentucky law. *See, e.g.*, *Shearer*, 470 F. Supp. 3d at 884 (applying Indiana choice-of-law principles and concluding that Florida law applied to dispute arising from sale of RV by a Florida dealer to Florida residents).

As noted above, "privity of contract is an essential element of a claim for breach of an implied warranty" under Kentucky law. *DeMoss ex rel. DeMoss v. Eli Lilly & Co.*, 234 F. Supp. 3d 873, 882 (W.D. Ky. 2017). The controlling decision is *Compex International Company v. Taylor*, 209 S.W.3d 462 (Ky. 2006). There, the plaintiff was injured by a product that had been purchased at K-Mart and manufactured by Compex. *Id.* at 462−63. Among other claims, the plaintiff sued Compex for breach of implied warranty, but the trial court granted Compex's motion to dismiss for lack of contractual privity. *Id.* at 463. After reversal by the intermediate state court, the Kentucky Supreme Court granted certiorari and reaffirmed that a direct buyer-seller relationship is necessary to assert an implied warranty claim under Kentucky law. *Id.* at 463−65. Because the plaintiff did not purchase the product at issue from Compex, "the implied warranty claim was properly dismissed by the trial court." *Id.* at 465.

Under *Compex*, Plaintiff's implied warranty claim fails for lack of privity and should be dismissed for failure to state a claim upon which relief may be granted. *Id.*; *see also Childress v. Interstate Battery Sys. of Am., Inc.*, No. 1:09:CV-54, 2010 WL 600023, at *5 (W.D. Ky. Feb. 18, 2010) (citing *Compex* and granting motion to dismiss warranty claim for lack of privity).

### 3. Plaintiff cannot assert a nationwide, common-law implied warranty claim.

Plaintiff has failed to state a claim for which relief can be granted on his individual implied warranty claim because it is barred by the statute of limitations and lacks privity of contract. It necessarily follows, then, that he can represent neither a nationwide class, nor a Kentucky subclass, and the class claim must also be dismissed for lack of a class representative. *Cowen v. Bank United of Texas*, 70 F.3d 937, 941 (7th Cir.1995) (explaining that when the named plaintiff in a proposed class action fails to state a claim upon which relief can be granted, the complaint must be dismissed as to the unnamed plaintiffs too).

There is an additional problem with Plaintiff's assertion of a nationwide class claim for breach of implied warranty that requires dismissal: While "the elements of a cause of action labeled [breach of implied warranty] may overlap from state to state," the Court must "parse the elements of those claims under the common law of each state at issue." *In re Chrysler Pacifica*, 706 F. Supp. 3d at 760. Some states—including Kentucky—require contractual privity, while other states do not. These are important differences that, for purposes of a motion to dismiss, may be outcome determinative. Here, given Plaintiff's failure to identify any state's law that would purportedly apply to the nationwide class, such an analysis is not possible. *See id.* at 762. On this basis, Plaintiff's nationwide claim for breach of implied warranty should be dismissed for failure to state a claim.

### V. Conclusion

Based on the foregoing, Defendants' Motion to Dismiss should be **GRANTED**, and Plaintiff's Complaint **DISMISSED WITH PREJUDICE.**

Dated:   January 21, 2025

/s/ *Hans H.J. Pijls*
_____
Hans Pijls
**DINSMORE & SHOHL LLP**
300 N. Fifth Avenue, Suite 120
Ann Arbor, MI 48104
248.719.1390
hans.pijls@dinsmore.com

*Applications for admission to be filed:*

Brendan V. Johnson
Erica A. Ramsey
**ROBINS KAPLAN LLP**
150 East 4th Place, Suite 704
Sioux Falls, SD 54104-5044
605.335.1300
bjohnson@robinskaplan.com
eramsey@robinskaplan.com

A. Elizabeth Burnett
Marcus Guith
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
612.349.8500
eburnett@robinskaplan.com
mguith@robinskaplan.com

COUNSEL FOR GRAND DESIGN RV, LLC
AND WINNEBAGO INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, a true and accurate copy of **Defendants' Memorandum of Law in Support of Their Motion to Dismiss** was electronically filed with the Clerk of Court by using the CM/ECF system to all registered parties. A copy was served via U.S. Mail, postage prepaid, upon the following:

Stephen J. Herman
Lance C. Mccardle
Jason W. Burge
Maggie M. Daly
**FISHMAN HAYGOOD, L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

_/s/ *Hans H.J. Pijls*
_____
**DINSMORE & SHOHL LLP**

Hans Pijls
300 N. Fifth Avenue, Suite 120
Ann Arbor, MI 48104
248.719.1390
hans.pijls@dinsmore.com