UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN P. NOWAK, Individually and on Behalf of All Others Similarly Situated | * * * | |
| *Plaintiffs,* | * * | CIVIL ACTION NO.: 24-950 |
| VERSUS | * * * | JUDGE: SIMON |
| GRAND DESIGN RV, LLC; WINNEBAGO INDUSTRIES, INC. | * * * * | MAGISTRATE: FRANKEL  JURY TRIAL DEMANDED |
| *Defendants.* | * * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiff John P. Nowak, individually and on behalf of a class of all those similarly situated—by and through undersigned counsel, respectfully submits this memorandum in opposition to the Motion to Dismiss Plaintiff's Class Action Complaint filed by Defendants, Grand Design RV, LLC ("Grand Design") and Winnebago Industries, Inc ("Winnebago") (Rec. Doc. 14).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff purchased a fifth-wheel, towable RV manufactured by Defendants in 2020, and soon after, he started noticing problems with the RV's plumbing.[1] While the plumbing repairs were taking place in March 2022, Grand Design also replaced several structural components, including the axels, bearings, seals, leaf springs, and brakes.[2] Defendants never explained why those repairs were made, even upon Plaintiff's request for more

---

[1] *Amended Complaint*, Rec. Doc. 21, at ¶ 42.
[2] *Amended Complaint*, Rec. Doc. 21, at ¶ 44.

1

information.[3]

In September 2024, Plaintiff began noticing more issues with the RV, which seemed to indicate the structure or frame was failing, including cabinetry and shelving failure.[4] Plaintiff notified Grand Design of the issues on September 30, 2024, and Grand Design advised him to drop the RV off for repair at Stinnet's Campers Inn RV ("Campers Inn") in Clarksville, Indiana.[5] Campers Inn did not have availability until October 28, 2024, at which point Plaintiff left his RV for repair.[6] Campers Inn confirmed to Plaintiff that the RV's issues were related to a frame flex issue with certain models manufactured by Defendants.[7] Campers Inn was unable to repair the defect, so Grand Design picked up Plaintiff's RV to transport it to Defendants' repair facility in Indiana.[8] The frame flex defect exists to this day, and Plaintiff has been unable to access or use his RV since October 2024.[9] If he had known that this serious defect was so widespread on Defendants' fifth wheel RVs, he would not have purchased the RV.[10]

This story is common for at least thousands of other purchasers of Defendants' Solitude and Momentum RVs, and those purchasers comprise the nationwide class here.[11] Defendants engaged in numerous specific deceptive acts outlined in the Amended Class Action Complaint to conceal the frame defect present in these Defective RVs and the fact that these Defective RVs are unsafe and unfit for use.[12] Accordingly, on November 22,

---

[3] *Amended Complaint*, Rec. Doc. 21, at ¶ 45.
[4] *Amended Complaint*, Rec. Doc. 21, at ¶ 49.
[5] *Amended Complaint*, Rec. Doc. 21, at ¶ 51.
[6] *Amended Complaint*, Rec. Doc. 21, at ¶ 53.
[7] *Amended Complaint*, Rec. Doc. 21, at ¶ 54.
[8] *Amended Complaint*, Rec. Doc. 21, at ¶ 59.
[9] *Amended Complaint*, Rec. Doc. 21, at ¶ ¶ 61, 62
[10] *Amended Complaint*, Rec. Doc. 21, at ¶ 63.
[11] *Amended Complaint*, Rec. Doc. 21, at ¶ 67.
[12] *Amended Complaint*, Rec. Doc. 21, at ¶ ¶ 25-38.

2024, Plaintiff filed this class action lawsuit seeking damages and injunctive relief under state laws protecting consumers and state breach of implied warranty laws.[13] Plaintiff amended the complaint on February 11, 2025 to add additional facts and claims.

## LAW AND ARGUMENT

### I. Because Plaintiff has amended the class action complaint, Defendants' Rule 12(b)(6) Motion is moot.

Plaintiff has filed an Amended Class Action Complaint (Rec. Doc. 21) as a matter of course in accordance with Federal Rule of Civil Procedure 15(a)(1)(B). Accordingly, Defendants' pending motion to dismiss the original Class Action Complaint (Rec. Doc. 14) should be denied as moot. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("[w]hen an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling."); *Trading Techs. Int'l, Inc. v. BGC Partners, Inc.*, No. 10 C 715, 2010 WL 3272842, at *1 (N.D. Ill. Aug. 17, 2010) ("[c]ourts routinely deny motions to dismiss as moot after an amended complaint is filed, unless a defendant wishes to apply that same motion to the amended complaint because the amended complaint has not remedied the previous deficiencies.").

### II. Winnebago is subject to personal jurisdiction in Indiana.

Notwithstanding the fact that Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be denied as moot, Defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction (contained in the same pleading, Rec. Doc. 14) is ripe for review. Put simply, Winnebago's contacts with Indiana give rise to both specific and general personal jurisdiction.

---

[13] Complaint, Rec. Doc. 1.

3

A defendant corporation is subject to general jurisdiction in forums where it is at home—forums consisting of "its place of incorporation and principal place of business." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). However, the jurisdictional standard from *Daimler* that Defendants cite in the opposition does not "foreclose the possibility that in an exceptional case, a corporation's operation in a forum other than its formal place of incorporation or principal place of business may be **so substantial and of such a nature as to render the corporation at home in that state.** *Daimler*, 571 U.S. at 139 n.19 (emphasis added) (citing *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)). Those exceptional circumstances occur when a corporation carries on continuous and systematic corporate activities in the state—"directors' meetings, business correspondence, banking stock transfers, payment of salaries, purchasing of machinery, etc.—those activities are enough to make it fair and reasonable to subject that corporation to proceedings. . . to enforce causes of action relating to those very activities **or to other activities of the corporation within the state**. *Perkins*, 342 U.S. at 445-46 (emphasis added).

Here, Winnebago did not and cannot argue that it is not at home in Indiana. Winnebago owns a factory in Indiana and operates offices in Indiana. Indeed, on Winnebago's public-facing "Contact Us" page on its website, Winnebago lists the mailing/street address of Winnebago Towables as 201 14th Street, Middlebury, Indiana 46540, and phone numbers with (574) area codes—Indiana area codes—for both general inquiries and customer care.[14] Winnebago also employs Indiana residents in jobs based in Indiana, in offices and factories in Indiana. All of the career opportunities for "Winnebago

---

[14] Contact Us—Winnebago; https://www.winnebago.com/contact-us (last visited February 11, 2025).

Towables" like the Solitude and Momentum models, are located in offices in Middlebury, Indiana or a factory in Middlebury, Indiana.[15] Winnebago manufactures and sells its RVs in Indiana. Such contacts are so continuous and systematic that Winnebago points to its presence in Indiana as one of three states highlighted on its website.[16]

Winnebago also holds itself out in its filings to the United States Securities and Exchange Commission as tied closely to the state of Indiana. Indeed, Winnebago produces almost every type of product it makes in Indiana. In its 2024 Q3 Quarterly Report to the SEC, Winnebago stated: "we produce our motorhome RV units in Iowa and Indiana; our towable RV units in Indiana; our marine units in Indiana and Florida; and our battery solutions in Florida." *Amended Complaint*, Rec. Doc. 21, at ¶ 19. And Winnebago reported to the SEC that it produces its RVs (towable and motorhome) in Indiana, at several different campuses throughout the state. *Id.* Winnebago also makes repairs to those RVs at its facilities in Indiana. *Id.* And, crucially, Winnebago reports that its "operations are primarily centered in northern Iowa and northern Indiana." *Id.* Winnebago also regularly litigates in courts within the State of Indiana, including within this judicial district. Based on the foregoing, Winnebago could reasonably foresee being haled into court in Indiana for any matter; *See Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002); and therefore, a finding of general jurisdiction is appropriate.

Winnebago's connections to Indiana, described above, are also sufficient to establish specific jurisdiction over this dispute. Specific jurisdiction over a defendant arises when a defendant "purposefully avails itself of the privilege of conducting activities with

---

[15] Winnebago Towables Career Opportunities; https://www.winnebago.com/careers/towables (last visited February 11, 2025).
[16] We Are Winnebago Industries; https://www.winnebagoind.com/about-us (last visited February 11, 2025).

the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). For a court to exercise specific jurisdiction, the suit must arise out of the defendant's forum-related activity. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball*, Inc., 751 F.3d 796, 801 (7th Cir. 2014).

Here, Plaintiff seeks to recover damages for a class of plaintiffs injured by serious frame defects in two lines of towable ("fifth wheel") recreational vehicles: the Solitude and Momentum RVs. These RVs are towable RVs, and it is not clear to Plaintiff whether they were manufactured at Grand Design's Indiana facility or Winnebago's Indiana facility, which manufactures Winnebago's towable RVs. Plaintiff's RV was also manufactured in Indiana, and it has been awaiting repair in Indiana for four months. So, for Plaintiff's RV and for the Class's RVs, the RVs were manufactured and repaired/awaiting repair in Indiana, and Winnebago is responsible for each of those RVs' defective design and manufacture. As Plaintiff noted in the Class Action Complaint, Grand Design is a wholly-owned subsidiary of Winnebago, and Winnebago holds Grand Design out as one of Winnebago's eight "operating segments," rather than a separate company. *Amended Complaint*, Rec. Doc. 21, at ¶ 20. Defendant argues that "corporate affiliation or ownership [alone] is not a sufficient minimum contact for the exercise of personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944–45 (7th Cir. 2000). However, in addition to the corporate relationship alleged, Plaintiff has also alleged sufficient additional facts to demonstrate that Winnebago itself is subject to personal jurisdiction in Indiana.

At the very least, such facts establish a "colorable or prima facie showing of personal jurisdiction" such that jurisdictional discovery should be permitted. *See Cent.*

6

*States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 934 (7th Cir. 2000). Courts have discretion to permit jurisdictional discovery, and courts generally grant jurisdictional discovery if the factual record is at least ambiguous or unclear on the issue. *Sullivan v. Sony Music Ent.*, No. 14-731, 2014 WL 5473142, at *5 (N.D. Ill. Oct. 29, 2014) (citing *Ticketreserve v. viagogo, Inc.*, 656 F. Supp. 2d. 775, 782 (N.D. Ill. 2009). In its motion to dismiss for lack of jurisdiction, Winnebago had the opportunity to provide affirmative evidence refuting jurisdiction and did not provide any such evidence. Instead, Winnebago simply cited Plaintiff's allegations as to Winnebago's principal place of business and state of incorporation. *See Opposition*, Rec. Doc. 14, at 6. Considering the facts and evidence Plaintiff cites above, the factual record on personal jurisdiction clear: Winnebago is subject to personal jurisdiction in Indiana. However, in the case the Court concludes that the record is unclear or ambiguous, Plaintiff should be permitted discovery as to personal jurisdiction.

## CONCLUSION

For the reasons herein, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss Plaintiff's Class Action Complaint in its entirety or, alternatively, grant Plaintiff the opportunity to pursue jurisdictional discovery as to Winnebago.

    Respectfully submitted,

    FISHMAN HAYGOOD LLP

    */s/ Jason W. Burge*

        STEPHEN J. HERMAN (*PRO HAC VICE* PENDING)
        LANCE C. MCCARDLE (*PRO HAC VICE*)
        JASON W. BURGE (*PRO HAC VICE*)
        MAGGIE M. DALY (*PRO HAC VICE*)
        **FISHMAN HAYGOOD, L.L.P.**
        201 St. Charles Avenue, 46th Floor
        New Orleans, Louisiana 70170
        Telephone: (504) 586-5252
        Fax: (504) 586-5250
        sherman@fishmanhaygood.com
        lmccardle@fishmanhaygood.com
        jburge@fishmanhaygood.com
        mdaly@fishmanhaygood.com

        AND

        Fred Schultz, #19554-53
        Greene & Schultz Trial Lawyers
        520 N Walnut Street
        Bloomington, IN 47404
        Telephone: (812) 336-4357
        Facsimile: (812) 336-5615
        E-Mail: fred@greeneschultz.com

        *Attorneys for Plaintiff and Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2025, a copy of the foregoing has been furnished to all counsel of record via ECF.

        */s/ Jason W. Burge* _____