UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN P. NOWAK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRAND DESIGN RV, LLC; WINNEBAGO INDUSTRIES, INC.,<br><br>Defendants. | Civil Action No: 3:24-cv-00950<br><br>Judge Philip P. Simon |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants, Grand Design RV, LLC ("Grand Design") and Winnebago Industries, Inc. ("Winnebago") hereby move to dismiss Plaintiff John Nowak's First Amended Class Action Complaint under Federal Rules of Civil Procedure 12(b)(2), and 12(b)(6), and in support state:

1. Plaintiff purchased a 2020 Grand Design recreational vehicle (the "Subject RV") in June 2020 from a dealer based in Ashland, Kentucky.

2. Winnebago is a parent company of Grand Design.

3. On November 22, 2024, Plaintiff filed his complaint against Grand Design and Winnebago (ECF No. 1), and Defendants moved to dismiss for lack of jurisdiction and failure to state a claim (ECF No. 13−14).

4. Plaintiff filed a First Amended Class Action Complaint (ECF No. 21), which mooted Defendants' original Motion to Dismiss and related briefing (ECF Nos. 13−14, 22−23).

5. Plaintiff now asserts claims under the Indiana Deceptive Consumer Sales Act (IDCSA) and breach of the implied warranty of merchantability under Indiana common law.

6. Winnebago now moves to dismiss for lack of personal jurisdiction and both Defendants move to dismiss for failure to state a claim.

7. Dismissal is required as to Winnebago because neither the general nor specific personal jurisdiction tests are met on the facts alleged. *See Goodyear Dunlop Tires Ops. S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 352 (2021).

8. As an additional threshold issue, Plaintiff lacks standing to pursue class claims on behalf of Momentum RV purchasers, because he did not purchase such an RV and has not suffered any injury-in-fact relating to it. *Benson v. Fannie May Confections Brands, Inc.*, No. 17-CV-3519, 2018 WL 1087639, at *6 (N.D. Ill. Feb. 28, 2018).

9. Further, Plaintiff's attempt to assert claims under Indiana law on behalf of a nationwide class of RV Purchasers violates due process because substantive conflicts exist between Indiana and the other potentially interested states, and there is no indication that each class member expected that their claim would be controlled by Indiana law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821−22 (1985); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 177 F.R.D. 360, 369−71 (E.D. La. 1997)

10. The Amended Complaint fails to state a claim upon which relief may be granted under the IDCSA because Plaintiff has failed to plead either an uncured or incurable deceptive act, or his reliance upon such a deceptive act, and his claim is barred by the statute of limitations. *See* Ind. Code § 24-5-0.5-4; Ind. Code § 24-5-0.5-5(b).

11. Plaintiff's implied warranty claim also fails because, under Indiana choice-of-law principles, Kentucky law governs his claim. *See Shearer v. Thor Motor Corp.*, 470 F. Supp. 3d

874, 884 (N.D. Ind. 2020). Kentucky law requires vertical privity between a plaintiff and defendant to assert an implied warranty claim, which Plaintiff does not have. *Compex Intern. Co. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006).

12. Plaintiff's implied warranty claim is also barred by the statute of limitations because the four-year statute of limitations for breach of implied warranty ran in June 2024, under Indiana procedural law, and Plaintiff did not file suit until November 2024. Ind. Code § 26-1-2-725(1). No tolling applies. *See Malachowski v. Bank One*, 590 N.E.2d 559, 563 (Ind. 1992); *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 384 (Ind. 2019).

13. Plaintiff has failed to state a claim on either cause of action, and therefore cannot assert them on behalf of a nationwide class.

Based on the foregoing, and for the reasons described in Defendants' supporting Memorandum of Law, Defendants respectfully requests that the Court enter an Order dismissing Plaintiff's First Amended Class Action Complaint with prejudice, for the costs of this action, and for all other just and proper relief.

Dated: February 25, 2025

/s/ Erica Ramsey

Brendan V. Johnson
Erica A. Ramsey
**ROBINS KAPLAN LLP**
150 East 4th Place, Suite 704
Sioux Falls, SD 54104-5044
605.335.1300
bjohnson@robinskaplan.com
eramsey@robinskaplan.com

A. Elizabeth Burnett
Marcus Guith
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
612.349.8500
eburnett@robinskaplan.com
mguith@robinskaplan.com

Hans Pijls
**DINSMORE & SHOHL LLP**
300 N. Fifth Avenue, Suite 120
Ann Arbor, MI 48104
248.719.1390
hans.pijls@dinsmore.com

COUNSEL FOR GRAND DESIGN RV, LLC
AND WINNEBAGO INDUSTRIES, INC.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2025, a true and accurate copy of **Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint** was electronically filed with the Clerk of Court by using the CM/ECF system to all registered parties.

/s/ Erica Ramsey
**ROBINS KAPLAN LLP**

Brendan V. Johnson
Erica A. Ramsey
150 East 4th Place, Suite 704
Sioux Falls, SD 54104-5044
605.335.1300
bjohnson@robinskaplan.com
eramsey@robinskaplan.com