UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN P. NOWAK, MATTHEW AUBLE, JOSEPH ALTERMAN, DON BILYEU, STEPHEN CLAY, WARREN COLBURN, LEO CRITCHFIELD, MICHAEL CROTEAU, ALESSANDRO D'ALESSANDRO, JOHN DRAKE, LORI FAY, JOHN GARCIA, JOSEPH GRAVER, LUCY AND ANDREW HALLBERG, DEANA JANSA, MATT JOHNSON, MICHAEL MANGUM, ROBIN MYERS, MICHAEL O'NEAL, DANIEL PEABODY, GARY PFEIFFER, KENNETH PIERCE, COLLIN REESE, JIM RIEBER, MATTHEW THOMPSON, KERMIT TROTTER, GUSTAV VANZYL, DAVID WOBSER, MATTHEW YEOMAN, and CYNTHIA YUNGCLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WINNEBAGO INDUSTRIES, INC. and GRAND DESIGN RV, LLC,<br><br>Defendants. | Civil Action No.: 3:24-cv-00950-PPS-AZ<br><br>Judge Philip P. Simon |

## **DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**

Defendants Winnebago Industries, Inc. ("Winnebago") and Grand Design RV, LLC ("Grand Design") hereby move to dismiss Plaintiffs' Consolidated Complaint and state as follows:

1. Between 2019 and 2024, Plaintiffs allegedly purchased recreational vehicles manufactured by Grand Design.

2. Plaintiffs allege that their RVs contain a design defect relating to the frame, which they describe as "excessive frame flex."

1

96683942.1

3. Winnebago is the parent company of Grand Design, but it did not design, manufacture, or sell the RVs at issue.

4. On October 17, 2025, Plaintiffs filed a Consolidated Complaint, raising putative class claims under several state consumer-protection statutes, as well as common-law claims for negligence, fraudulent concealment, and unjust enrichment against Grand Design and Winnebago. (ECF No. 43.)

5. Winnebago moves to dismiss for lack of personal jurisdiction, and both Defendants move to dismiss for failure to state a claim.

6. Dismissal is required as to Winnebago because neither the general nor specific personal jurisdiction tests are met on the facts alleged. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014); *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 352 (2021).

7. Further, Plaintiffs' attempt to assert claims under Indiana or Minnesota law on behalf of a nationwide class of RV purchasers violates due process because the absent class members have no connection to Indiana or Minnesota. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821−22 (1985); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 177 F.R.D. 360, 369−71 (E.D. La. 1997).

8. On the merits, Plaintiffs' consumer statutory claims also fail for many reasons.

9. Plaintiffs' affirmative misrepresentation allegations are nonactionable puffery. *See, e.g.*, *Zylstra v. DRV, LLC*, 8 F.4th 597, 610 (7th Cir. 2021); *Castagna v. Newmar Corp.*, 340 F. Supp. 3d 728, 741–42 (N.D Ind. 2018); *Lin v. Canada Goose US, Inc.*, 640 F. Supp. 3d 349, 359 (S.D.N.Y. 2022).

10. Plaintiffs' statutory claims universally sound in fraud, so they are subject to Federal Rule of Civil Procedure 9(b), but Plaintiffs do not allege "the who, what, where, and when of the

alleged fraud." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 470 (7th Cir. 1999).

11. Plaintiffs have advanced a unified course of fraudulent conduct alleging Defendants' knowing misrepresentations, omissions, and concealment, and thus Plaintiffs are required to plead facts sufficient to draw an inference of presale knowledge. *See In re Hydroxycut Mkgt. & Sales Pracs. Litig.*, 299 F.R.D. 648, 659 (S.D. Cal. 2014). Because they have failed to do so, each of their consumer fraud claims must be dismissed.

12. Plaintiffs further fail to allege reliance or a causal nexus which is required under Arizona, California, North Carolina, Maryland, Pennsylvania, Georgia, Indiana, South Dakota, Illinois, New York, Ohio, New Hampshire, New Jersey, and Texas law.

13. Plaintiffs fail to allege the requisite facts to make the purported concealment or nondisclosure actionable under Minnesota, California, New York, North Carolina, South Carolina, Illinois, Indiana, and New Hampshire law.

14. Plaintiffs' consumer-protection claims under California, Georgia, Indiana, Kentucky, Louisiana, Maryland, New Hampshire, New York, Ohio, Oklahoma, and Oregon law are time barred.

15. Plaintiffs fail to allege proper notice or an uncured deceptive act under the Indiana Deceptive Consumer Sales Act. *See* Ind. Code § 24-5-0.5-5(a).

16. Plaintiffs cannot bring a claim under the Louisiana Unfair Trade Practices and Consumer Protection Act because the Louisiana Products Liability Act provides the exclusive remedy for damage caused by the product of a manufacturer. *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. 15-CV-03913, 2021 WL 2853069, at *13 (E.D. La. July 8, 2021).

17. Plaintiffs' California Legal Remedies Act claim fails to comply with the affidavit requirement. *See* Cal. Civ. Code § 1780(d).

18. Plaintiffs cannot bring class claims under the Georgia, Ohio, or South Carolina consumer-protection statutes because these statutes preclude representative claims. *See* Ga. Code § 10-1-399; Ohio Rev. Code § 1345.09; S.C. Code § 39-5-140.

19. Plaintiffs cannot bring a Kentucky Consumer Protection Act claim because they are not in privity with Defendants. *See Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 854 (W.D. Ky. 2007).

20. Wisconsin's consumer protection statute limits private rights of action, and Plaintiffs have not alleged any violation of an order issued by the Wisconsin Department of Agriculture, Trade and Consumer Protection. *Faxon Sales, Inc. v. U-Line Corp.*, No. 17-CV-872, 2017 WL 4990617, at *7 n.8 (E.D. Wis. Oct. 31, 2017).

21. Plaintiffs also assert negligence claims on behalf of themselves and the class either under Indiana law, or on behalf of the state sub-classes. To the extent the Court concludes that Plaintiffs have failed to plead actionable misrepresentations or presale knowledge, each of these negligence claims should be dismissed on that basis. These claims also fail by operation of the economic loss doctrine because they do not allege personal injury or damage to any property other than the subject RVs themselves. In addition, the claims of nineteen Plaintiffs are time barred.

22. Plaintiffs' fraudulent concealment claims fail because they have not pleaded all the required elements. In addition, the economic loss doctrine applies to claims under California, Florida, New York, New Jersey, Texas, and Pennsylvania law. *Kelsey v. Nissan N. Am.*, No. 20-cv-4835, 2020 WL 4592744, at *2 (C.D. Cal. July 15, 2020); *Burns v. Winnebago Indus.*, No. 8:13-cv-1427-T-24, 2013 WL 4437246, at *4 (M.D. Fla. 2013); *Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 225–26 (S.D.N.Y. 2001); *Peters v. Countrywide Home Loans, Inc.*, No. 15-6329, 2016 WL 2869059, at *5 (D.N.J. May 17, 2016); *Hatboro Horsham Sch. Dist. v. TAMKO*

*Bldg. Prods., LLC*, No. 25-CV-01749, 2025 WL 2935251, at *5 (E.D. Pa. Oct. 15, 2025); *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 815–17 (Tex. Ct. App. 2006).

23. Each of Plaintiffs' unjust enrichment claims fail because Plaintiffs have not pleaded inadequate remedies at law. Moreover, Plaintiffs claims fail to meet the requirements under California, Arizona, Colorado, Minnesota, North Carolina, Florida, Georgia, Pennsylvania, Illinois, Texas, New York, Idaho, Wisconsin, Oklahoma, New Jersey, Louisiana, South Carolina, Indiana, and Ohio law. Unjust enrichment is not a standalone cause of action in California. *See Graham-Sult v. Clainos*, 756 F.3d 724, 750 (9th Cir. 2014). Similarly, in Pennsylvania, Illinois, and Texas, Plaintiffs' unjust enrichment claims rise and fall with their underlying claims. *See Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 493 (E.D. Pa. 2016); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 720 (N.D. Ill. 2020); *Eng. v. Danone N. Am. Pub. Benefit Corp.*, 678 F. Supp. 3d 529, 540–41 (S.D.N.Y. 2023). New York does not allow an unjust enrichment claim that is merely duplicative of a plaintiff's fraud-based claims. *See Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1185 (N.Y. Ct. App. 2012). Moreover, Florida, Ohio, Idaho, Wisconsin, New Jersey, and Oklahoma require a plaintiff alleging unjust enrichment to plead that he has directly conferred a benefit on the defendant, and Plaintiffs did not purchase their RVs directly from either Defendant. *See City of Miami v. Citigroup Inc.*, 801 F.3d 1268, 1277–78 (11th Cir. 2015); *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Crawford v. FCA US LLC*, No. 2:20-cv-12341, 2021 WL 3603342, at *12 (E.D. Mich. Aug. 13, 2021); *Loeb v. Champion Petfoods USA Inc.*, 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019); *Bedi v. BMW of N. Am.*, No. 15-cv-1898, 2016 WL 324950, at *6 (D.N.J. Jan. 27, 2016). Indiana and Georgia limit claims for unjust enrichment to situations where the plaintiff conferred a benefit on the defendant with the expectation that the defendant would be responsible for the cost, which Plaintiffs have not alleged here. *See Woodruff*

*v. Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012); *Sitterli v. Csachi*, 811 S.E.2d 454, 457 (Ga. Ct. App. 2018). And lastly, under Louisiana, South Carolina, Minnesota, Arizona, Colorado, and Florida law, unjust enrichment is unavailable where another legal remedy is adequate, and Plaintiffs here do not argue they lack an adequate remedy at law. *See Beau v. Kia Am.*, No. 22-cv-1545, 2023 WL 11581105, at *11 (C.D. Cal. Nov. 29, 2023) (applying South Carolina and Louisiana law); *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1324 (S.D. Fla. 2009); *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W. 2d 137, 140 (Minn. Ct. App. 1992); *Ajose v. Interline Brands, Inc.*, 187 F. Supp. 3d 899, 915 (M.D. Tenn. 2016) (applying Arizona and Colorado law).

24. As set forth more fully in Defendants' accompanying Memorandum of Law, Defendants respectfully request that their Motion to Dismiss be **GRANTED**.

Dated: November 28, 2025

/s/ *Erica A. Ramsey*
Brendan V. Johnson
Erica A. Ramsey
**ROBINS KAPLAN LLP**
150 East 4th Place, Suite 704
Sioux Falls, SD 54104-5044
605.335.1300
bjohnson@robinskaplan.com
eramsey@robinskaplan.com

A. Elizabeth Burnett
Marcus Guith
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
612.349.8500
eburnett@robinskaplan.com
mguith@robinskaplan.com

Hans Pijls
**DINSMORE & SHOHL LLP**
300 N. Fifth Avenue, Suite 120
Ann Arbor, MI 48104
248.719.1390
hans.pijls@dinsmore.com

COUNSEL FOR DEFENDANTS
WINNEBAGO INDUSTRIES, INC. AND
GRAND DESIGN RV, LLC

96683942.1

## CERTIFICATE OF SERVICE

      I hereby certify that on November 28, 2025, a true and accurate copy of the foregoing **Defendants' Motion to Dismiss the Consolidated Complaint** was electronically filed with the Clerk of Court by using the CM/ECF system to all registered parties.

                                                */s/ Erica A. Ramsey*
                                                 Erica A. Ramsey

96683942.1